IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>AARON RAISER | ORDER<br><br>Case No. 2:06-MC-382-TC |

In this matter, the court must determine whether Mr. Aaron Raiser should be designated a restricted filer in the District of Utah. To initiate the process, the court issued an Order to Show Cause (OSC), and Mr. Raiser, proceeding *pro se*, responded.

Having reviewed Mr. Raiser's litigation history and his response to the OSC, the court finds, for the reasons set forth below, that Mr. Raiser should be designated as a restricted filer in the United States District Court for the District of Utah. The court further finds that the nine motions filed by Mr. Raiser, all of which are addressed below, do not change this conclusion.

## MR. RAISER'S MOTIONS

In addition to responding to the OSC, Mr. Raiser filed nine multi-part motions, all of which express Mr. Raiser's frustration with a process he believes was unfair and biased. Those motions (with captions provided verbatim) are as follows:

1. "Motion to Investigate Judge Dee Benson's conduct in 'losing,' 'finding,' then 'losing' copies of the original Response to OSC; Motion to allow Discovery on the matter" (Docket # 40) **(hereinafter "Motion for Discovery")**;

2. "Motion to allow Aaron Raiser the Opportunity [to] utilize Fed. R. Civ. Proce. [sic] 11; Motion to Vacate the OSC in this Case on Due Process of Law Grounds until BYU and LDS church can withdraw and/or correct their motion to hold Aaron Raiser vexatious and to allow him to respond to it so that both sides of the issue can be heard prior to a judgment being passed" (Docket # 42) **(hereinafter "Motion to Vacate")**;

3. "Motion to Disclose Louise York's Role in the OSC and this Matter" (Docket # 45) **(hereinafter "Motion to Disclose I")**;

4. "Motion for Disclosure of communications concerning Aaron Raiser" (Docket # 47) **(hereinafter "Motion to Disclose II")**;

5. **"Motion for Jury Trial"** (Docket # 49);

6. "Motion for Disclosure of Evidence, Due Process of Law, Extension of Time" (Docket # 51) **(hereinafter "Motion to Disclose III")**;

7. "Motion to Declare Unconstitutional the Court's allowing only Attorney's [sic] to file/receive electronic filings/notices; Motion to Vacate the OSC" (Docket # 54) **(hereinafter "Electronic Case Filing Motion")**;

8. "Motion to Supplement Response to OSC; In the alternative, to Allow for an Amended OSC; In the second alternative, to take judicial notice of FRCP 83" (Docket # 57) **(hereinafter "Motion to Supplement Response")**; and

9. "Motion for Recusal; Motion for Recusal on Alternative Grounds; Motion to Tran[s]fer Case" (Docket # 59) **(hereinafter "Motion for Recusal")**.

The court will address the Motion for Recusal first, and then the remaining motions in turn.

**Motion for Recusal**

This motion appears to have been filed in the wrong case. The text of Mr. Raiser's Motion for Recusal suggests that he intended to file it in a case he brought against Brigham Young University (BYU), Case No. 2:02-CV-975, that is also before this court. Indeed, an almost identical motion for recusal was filed in that BYU case, and the court recently denied the motion for recusal. Even if Mr. Raiser intended to file the motion for recusal in this matter, the court DENIES the motion for the same reasons set forth in the court's order denying the Motion for Recusal (Docket # 167) in Raiser v. BYU, 2:02-CV-975-TC.

**Motion for Discovery**

In his motion, Mr. Raiser seeks discovery to investigate the court's loss of his original Response to the OSC. There is no dispute that the original response was lost. Nor is there a dispute that the court initially issued an order placing Mr. Raiser on the restricted filer list without benefit of Mr. Raiser's original Response to the OSC. But Mr. Raiser asserts that the chambers originally handling the matter[1] deliberately destroyed his 256-page response, and that such action not only prejudiced him in his appeal to the Tenth Circuit but demonstrated the court's bias against him. He specifically accuses Judge Dee Benson and "others at the U.S. District Court of Utah" of destroying the response because of Judge Benson's "association with BYU and the Mormon Church." (Mem. Supp. Mot. for Discovery (Dkt # 41) at 4-5.; see also Decl. of Aaron Raiser (Dkt # 44).)

---

[1]The matter was originally decided by then-Chief Judge Dee Benson. The Tenth Circuit, on appeal by Mr. Raiser, reversed and remanded on procedural grounds. The matter was then assigned to the new Chief Judge.

Mr. Raiser has not provided any foundation or admissible evidence to support his claim. Rather, he relies on speculation. Because he has not made a sufficient showing that he is entitled to the relief he seeks, his motion is DENIED.

**Motion to Vacate**

In his motion to vacate, Mr. Raiser essentially seeks to re-litigate claims raised in a separate matter involving him and his litigation opponents BYU and the Church of Jesus Christ of Latter Day Saints ("LDS Church"). In that matter, BYU and the LDS Church filed Motions for Permanent Injunction against Aaron Raiser as a Vexatious Litigant. (See Docket #s 134, 144 in Raiser v. Church of Jesus Christ of Latter Day Saints, 2:04-CV-896-TC (D. Utah).) Mr. Raiser filed an opposition to the motions, but that response (which was 35 pages long and appended with 80 pages of exhibits) was stricken by Magistrate Judge Wells pursuant to the defendants' motion to strike Mr. Raiser's response. (See Nov. 2, 2005 Mem. Dec. & Order.[2]) Still, the court denied the Motions without prejudice[3] and referred the issue to then-Chief Judge Benson with a recommendation that Mr. Raiser be added to the court's restricted filer list.[4]

Now Mr. Raiser moves the court to vacate the OSC because

> due process requires that Aaron Raiser to able to respond to a motion to hold him vexatious which complies with Rule 11 in order for this court to hear both sides of the issue prior to a judgment being passed that he is in fact guilty as this court would not allow him to respond and then as a result of no chance to be heard or

---

[2](Dkt # 210 in 2:04-CV-896.)

[3](See Feb. 7, 2006 Order (Dkt # 215 in Case No. 2:04-CV-896) at 17-18 (stating that "[b]ecause the Defendants seek relief that goes beyond the scope of the case currently assigned to this court, the court finds that it does not have authority to grant the Defendants' [vexatious litigant] motions.").)

[4]In this district, the Chief Judge handles restricted filer issues.

>  respond found the accusation to be true without hearing any challenge to it and
>  that defies due process of law.

(Mem. Supp. Mot. to Vacate (Dkt # 43) at 6.)  Mr. Raiser expresses concern that his inability to respond to the vexatious litigant motions (because Judge Wells struck his response) compromises his ability to defend himself in this matter.  But he did have the opportunity to respond to the OSC in this matter.  Moreover, the facts justifying the issuance of the Order to Show Cause were apparent from public case dockets and court orders.  Mr. Raiser's assertion that the court blindly relied on information set forth in the vexatious litigant motions is simply inaccurate.  For these reasons, the court finds there is no basis to vacate the Order to Show Cause.

Mr. Raiser also requests that he be able to file a Motion for Sanctions under Rule 11 against BYU and the LDS Church.  He may not do so, primarily because those entities are not parties to this miscellaneous matter, which was opened by the court under its inherent authority to manage cases filed in the District of Utah.

For the foregoing reasons, his Motion to Vacate is DENIED.

**Motions to Disclose I, II, and III**

Mr. Raiser filed three separate motions seeking disclosure of certain information.  First, in his Motion to Disclose I, Mr. Raiser seeks information on "Louise York's Role in the OSC and this Matter."  (Louise York is the Chief Deputy Clerk for the District of Utah.)   He bases his request on a statement (for which he provides no foundation or admissible evidence) that "the Chief Judge [Dee Benson] never took part in the deciding of the restrictive filer orders, that he delegated it entirely to Louise York [Chief Deputy Clerk of the Court] and she made the decisions and [Judge Benson] would sign off on it."  (Mem. Supp. Mot. to Disclose I (Dkt # 46)

at 2.)

He further insinuates that Ms. York sabotaged his ability to defend himself by preventing (or at least delaying) filing of his papers. His reason is that Ms. York allegedly does not like Mr. Raiser and that Ms. York may be a member of the LDS Church and so is biased against him because he has brought suit against the LDS Church and LDS-Church-owned BYU. He provides nothing more than conjecture (and providing speculative information in the form of a declaration (see Dkt # 53) does not make his allegations any less speculative, particularly because his allegations lack foundation and admissible evidence to support them).

Similarly, in his Motion to Disclose II, he speculates that there "have been conversations concerning Aaron Raiser amongst court staff which are affecting this court's perception of Aaron Raiser and influencing its decisions." (Mem. Supp. Mot. to Disclose II (Dkt # 48) at 2.) He contends that he "deserves to have those disclosed so that the degree of prejudice can be determined." (Id.) His request is vague and unsupported, and so he is not entitled to the discovery he seeks.

In his Motion to Disclose III, he says that the court "snuck into evidence the material found in [Docket Entry No. 2 of the docket in this miscellaneous proceeding] and has proceeded to attempt to bring about this case without giving any notice" of such evidence. (Mem. Supp. Mot. to Disclose III (Dkt # 52) at 1.) He seeks a copy of the evidence and asks for a thirty-day extension to review the material before submitting his Response to the OSC.

Mr. Raiser mischaracterizes the situation. Docket Entry No. 2 expressly states that notice of the lodged documents (the notice listed all of the documents) was sent to Mr. Raiser on May 10, 2006. Now, one and a half years later, he complains and requests a copy. But he provides no

good reason why he waited so long to object. He could have received a copy of those documents through a standard request to the Clerk's office. More importantly, he has already seen, if not received (or drafted himself), the documents listed in Docket Entry No. 2 (all but one of which were on the public docket and filed in cases involving Mr. Raiser). His claim of surprise is not persuasive.

In short, Mr. Raiser has not provided any valid reason or evidence to justify his requests for information. For the reasons set forth above, his Motions to Disclose I, II, and III (Dkt #s 45, 47, and 51) are DENIED.

**Motion for Jury Trial**

Mr. Raiser requests a jury trial, apparently because he believes he cannot receive a fair hearing from this court. All of his allegations of bias, prejudice, and misconduct, however, are mere speculation. Moreover, this matter is an administrative matter that does not require a jury trial. Accordingly, his Motion is DENIED.

**Electronic Case Filing Motion**

Mr. Raiser filed a motion requesting a declaration that the court's electronic filing rules are unconstitutional because they only allow attorneys, not *pro se* litigants, to utilize the system through electronic filing and notice of filings. Mr. Raiser's motion falls outside the scope of the matter. Accordingly, his motion is DENIED.

**Motion to Supplement Response**

The court received Mr. Raiser's Response to the OSC on November 5, 2007. His motion to supplement that response requests that he be allowed to add information regarding Federal

Rule of Civil Procedure 83.[5]  The process will not be prejudiced by allowing this last-minute supplement.  Accordingly, Mr. Raiser's motion to supplement (Dkt # 57) is GRANTED.  The court holds that the information he provides in the memorandum supporting his motion to supplement (Dkt # 58) is hereby incorporated into his Response to the OSC.[6]

### DESIGNATION AS A RESTRICTED FILER

On August 2, 2007, this court issued an Order to Show Cause why the United States District Court for the District of Utah should not place restrictions on Mr. Raiser's *pro se* filings in the district court.  (See Aug. 2, 2007 Order to Show Cause (Dkt # 30) at 2.)  Mr. Raiser is a relatively frequent *pro se* litigant in this district.

In the OSC, the court stated, among other things, that "[a] review of the filing in Mr. Raiser's cases reveals that Mr. Raiser conducts his litigation with total disregard of the court's rules and files many duplicative motions which create needless delays in the resolution of his

---

[5]Mr. Raiser focuses on Rule 83(a)(2), which reads as follows: "A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."

[6]Apparently, Mr. Raiser asks that he not be penalized for failing to file separate memoranda to support his motions. He says:

> Althought [sic] [s]upplying a separate memorandum with the motion was not specifically alleged in the OSC, it falls within a requirement of form.  It does not affect the merits of the motion or a party. [Mr. Raiser] in submitting the motions as he has done with the good faith belief that this was acceptable and not prejudicial to either the court or opposing party. [sic] It should not be used to limit or afect [sic] [Mr. Raiser's] rights by placing him on the restricted filer list. [He] once brought to his attention [sic], corrected the action and it has not been an issue from that time.  Further, it has not been an issue in any other case which [Mr. Raiser] has participated in.

(Docket # 58.)  Despite Mr. Raiser's concern, the court does not consider such a technical error at all material to the issue before it.

cases." (Id.) Mr. Raiser filed a timely response to the OSC,[7] which response consists of 175 pages of text, plus 28 pages of exhibits. (See Nov. 2, 2007 Response to OSC (Dkt # 56).) (As ordered above, Mr. Raiser has supplemented his OSC with text in Docket Entry No. 58 concerning Fed. R. Civ. P. 83(a)(2).)

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (quoted in Sieverding v. Colorado Bar Ass'n, 469 F.3d 1340, 1343 (10th Cir. 2006)). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986).

Restriction of filing activities is appropriate where "the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." Andrews v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007). Here, Mr. Raiser has already received notice (the OSC) and has had an opportunity to oppose the OSC. So the court is left to review Mr. Raiser's litigation history and determine what, if any, restrictions to impose.

The court has reviewed Mr. Raiser's litigation history as well as his Response to the OSC. For the reasons set forth below, the court finds that it is appropriate and necessary to add

---

[7]The OSC required a response within thirty days. But, at Mr. Raiser's request, the court granted an extension to file his response.

Mr. Raiser to the court's restricted filer list and impose certain filing restrictions.

**Mr. Raiser's Litigation History**

Since May 25, 2000, Mr. Raiser, as a *pro se* litigant, has been a plaintiff in eleven cases in this district (some of which were removed from state court).[8] In one of those cases—Raiser v. Church of Jesus Christ of Latter Day Saints, et al., 2:04-CV-896-TC (hereinafter "Raiser v. LDS Church")—defendants LDS Church and BYU filed a motion seeking a permanent injunction against Mr. Raiser as a vexatious litigant.[9] The court denied the request because it was outside the court's authority. But the magistrate judge assigned to the case, as well as the presiding district judge, recommended to then-Chief Judge Benson that Mr. Raiser be placed on the court's restricted filer list.

The Chief Judge then opened this miscellaneous matter and proceeded with the OSC because it had become apparent that, throughout many of his cases, Mr. Raiser has filed frivolous claims against numerous entities and individuals, and has repeated or recast claims that have no support in law or fact. Further, his repetitive and prolix filings, including numerous motions that had no merit, have created needless delays in the resolution of his cases and have cost the

---

[8] See Raiser v. Orem City, 2:00-CV-434-DAK; Raiser v. Provo City, 2:01-CV-876-TC; Raiser v. Daschle, et al., 2:01-CV-894-DB; Raiser v. United States of America, 2:01-CV-916-DAK; Raiser v. Birch, et al., 2:02-CV-523-TS; Raiser v. Brigham Young University, et al., 2:02-CV-975-TC; Raiser v. Brigham Young University, et al., 2:02-CV-1077-DAK; Raiser v. Brigham Young University, et al., 2:02-CV-1078-DB; Raiser v. Utah County, 2:02-CV-1209-DB-PMW; Raiser v. Church of Jesus Christ of Latter Day Saints, et al., 2:04-CV-896-TC; and Raiser v. Kono, et al., 2:06-CV-256-TC. See also Slip Op. at 2 n.1, In re: Aaron Raiser, No. 06-4116 (CA10/DU July 5, 2007) (summarizing rulings on appeal for some of the above-listed actions).

[9] In that motion, BYU and the LDS Church asserted that, "since 1999, Raiser has filed at least 22 lawsuits, including nine in this Court." (Mem. Supp. Mot. for Permanent Inj. (Dkt # 135 in 2:04-CV-896) at 2, 6.) Six of those were apparently against BYU. (Id. at 6.)

opposing parties considerable expense and time.  (See, e.g., Mem. Supp. Mot. for Permanent Inj. Against Aaron Raiser as Vexatious Litigant (Dkt # 135 in 2:04-CV-896) at 2 (representing in a signed pleading that "[a]s a result of Raiser's litigation practices in this case and in others he has filed against BYU, BYU has incurred nearly $100,000 in attorneys' fees and costs defending against Raiser's frivolous lawsuits and motions.").)

Although the OSC was not based solely on what occurred in Raiser v. LDS Church, that case provides a good example of Mr. Raiser's inability to fairly and efficiently prosecute the actions he brings.[10]  For instance, a review of the docket in the Raiser v. LDS Church case reveals that Mr. Raiser filed forty-three motions over a period of approximately five and a half months.[11] (See Case Docket for 2:04-CV-896, entries dated May 2, 2005, through October 24, 2005.)  The following demonstrates the multiplicity and frequency of filing:

- three motions to proceed *in forma pauperis* (Dkt #s 49, 58, & 73), filed within a three-week period;
- two motions to amend the complaint, filed within two weeks of each other (Motion to Amend (#54) and Amended Motion to Amend (#65));
- five motions for extension of time to respond to pleadings (Dkt #s 60, 78, 166, 170, & 208);

---

[10]Mr. Raiser continues to use the excuse that he lives in California, is homeless, and cannot afford to do many of the things the court's rules require plaintiffs to do.  But as a plaintiff, even though *pro se*, he has certain responsibilities that he cannot avoid.  And he is required to comply with the fundamental requirements of court rules.  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

[11]This count does not include "notices," "objections," or amended responses filed by Mr. Raiser.  Nor does it include pleadings lodged per the court's order prohibiting further filings pending resolution of other motions.

- five motions for protective order (Motion (#64), Second Motion (#88), Third Motion (#96), Amended Third Motion (#103), Amended Third Motion (#127));

- four motions for sanctions or contempt, filed within a three-week period (Dkt #s 91, 102, 121, & 169);

- eight motions for extension of a discovery cutoff, filed within a two-week period (Dkt #s 92, 97, 98, 104, 109, 110, 123, 124);

- two motions for relief under Rule 60, filed the same day (Motion (#99) and Amended Motion (#122));

- four motions to reconsider court's order denying use of pseudonym (Dkt #s 37, 38, 118, 119); and

- seven motions to compel discovery, filed between July 22, 2005, and August 5, 2005 (Motion (#100), Amended Motion (#125), Fourth Motion (#111), Fifth Motion (#112), Amended Fourth Motion (#126), Amended Fourth Motion (#167), and Amended Fifth Motion (#168)).

(See also, e.g., Nov. 2, 2005 Mem. Dec. & Order[12] (ruling on twenty-five of Mr. Raiser's motions, which court grouped into broad categories "because many of them are duplicative or related").)

More than once, the court issued orders prohibiting Mr. Raiser from filing further motions until the dozens of motions he had already filed had been decided. (See Aug. 3, 2005 Order of Mag. J. Wells (barring filing until eighteen pending motions decided);[13] Sept. 1, 2005

---

[12](Dkt # 210 in 2:04-CV-896.)

[13](Dkt # 120 in 2:04-CV-896.)

Order (barring filing until "numerous [pending] motions" decided);[14] Oct. 28, 2005 Order (staying all filings until court decided fully-briefed motions);[15] see also Apr. 26, 2005 Order (ordering that "in any further motion for sanctions, by any party, against any party in this proceeding for any reason, the opposing party shall not be required to oppose such motion for sanctions unless and until directed by the Court that an opposition memorandum shall be required");[16] Sept. 7, 2005 Order (limiting Mr. Raiser's filings to those that strictly comply with DUCivR 7-1(b)(3) and other local rules)[17].)  Even after those orders were issued, Mr. Raiser continued to file documents, which were lodged in the docket.[18]

Often, Mr. Raiser continued to challenge, and in at least one case did not comply with, court orders and court rules.[19]  He failed to appear at least three times for properly noticed depositions in Raiser v. LDS Church and Raiser v. BYU.  (See Mem. Supp. Mot. for Permanent Inj.[20] at 6; Oct. 29, 2007 Order.[21])  Indeed, his case in Raiser v. BYU, 2:02-CV-975-TC, was recently dismissed with prejudice based on Mr. Raiser's unjustified and willful failure to follow

---

[14](Dkt # 163 in 2:04-CV-896.)

[15](Dkt # 205 in 2:04-CV-896.)

[16](Dkt # 35 in 2:04-CV-896.)

[17](Dkt # 164 in 2:04-CV-896.)

[18] (See, e.g., Dkt #s 134, 138, 139, 143, 155, 156, 206, 194, 195, 196, 197, 202 in 2:04-CV-896).)

[19]As noted earlier, the court is not concerned with form over substance, a concern Mr. Raiser discusses in the context of his Rule 83(a)(2) argument.

[20](Dkt # 135 in 2:04-CV-896.)

[21](Dkt # 163 in Raiser v. BYU, 2:02-CV-975.)

certain of the court's orders concerning appearance at his properly noticed deposition.

In 2006, Mr. Raiser expanded his disputes with BYU and the LDS Church to their lawyers, as well as a state judge, and the Governor of Utah. That complaint, filed in Raiser v. Kono et al., 2:06-CV-256, was dismissed, and such dismissal was affirmed on appeal by the Tenth Circuit Court of Appeals, which found that it was "patently obvious that Mr. Raiser could not prevail on the facts and theories alleged[.]" (July 5, 2007 Order at 2 (Case No. 06-4243) (10th Cir.).)

Although Mr. Raiser has focused on BYU and the LDS Church in many of his cases, he has not limited his filings to those entities. On November 9, 2001, he filed a frivolous action against United States Senators Daschle and Lott, complaining that the process for confirming presidential judicial nominations was unconstitutional. (See Raiser v. Daschle, et al., 2:01-CV-894 (dismissed in July 2002, and affirmed on appeal in February 2003).) Six days later, on November 15, 2001, he filed a frivolous action against the United States of America, complaining about the death penalty and lack of due process. (See Raiser v. USA, 2:01-CV-916 (dismissed in June 2002, and affirmed on appeal in January 2003).) He has also filed suit against the City of Orem, the City of Provo, Utah County, and employees of the City of Lehi, complaining of various civil rights abuses. (See Raiser v. Orem City, 2:00-CV-434-DAK; Raiser v. Provo City, 2:01-CV-876-TC; Raiser v. Birch, et al., 2:02-CV-523; Raiser v. Utah County, 2:02-CV-1209.)

Mr. Raiser's pleadings are rife with unsupported allegations of conspiracy against him, mostly based on an unproven religious bias on the part of attorneys, law enforcement officials, state and federal judges, court staff, law clerks, and opposing litigants. The nine motions filed in

this miscellaneous action are good examples. In some of his cases, including this one, he has demanded recusal of the presiding district court judge and the magistrate judge assigned to his case, particularly after he did not prevail. (See Raiser v. Kono, 2:06-CV-256 (Dkt #s 23, 27 (later withdrawn by Mr. Raiser); Raiser v. Utah County, 2:02-CV-1209 (Dkt #s 83, 147); Raiser v. BYU, 2:02-CV-975 (Dkt #s 105, 137, 167).)

Mr. Raiser's cases are peppered with motions for sanctions, motions for contempt, motions for reconsideration, and motions for extensions of time, not to mention the various amended pleadings (sometimes three, four, or five versions of the same pleading) he has filed. His pattern of filing multiple cases that re-cast essentially the same complaints or arguments, his pattern of filing dozens of meritless, tangential or duplicative pleadings, and his continued yet unsubstantiated claims of religious persecution, have unnecessarily burdened the court system in this district. The United States Supreme Court has noted that

> [t]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. *Pro se* [plaintiffs] have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations–filing fees and attorney's fees–that deter other litigants from filing frivolous petitions.

In re Anderson, 511 U.S. 364, 365 (1994) (internal quotation and citation omitted).

Mr. Raiser apparently sees the court system as a means to challenge every ill he encounters or any gripe he may have with a system (e.g., the United States Senate's procedure for confirming judicial nominees, the use of the death penalty in general, and the Utah Governor's process for appointing state judges), an entity (e.g., municipalities, police forces, Brigham Young University), or an individual (e.g., law enforcement officers, university personnel, a state judge,

attorneys for litigation opponents, politicians).

As for Mr. Raiser's voluminous Response to the OSC, it does not show good cause to refrain from placing him on the restricted filer list. For the most part, he re-argues the substantive issues raised in the cases in which he was a plaintiff, challenging the correctness of the district and appellate court decisions.

The court finds it appropriate to restrict Mr. Raiser's filing activities in this court because his pattern of litigation sets him apart as a litigant who, intentionally or not, abuses the system. This pattern is demonstrated by Mr. Raiser's numerous filings, their content, their frequency, their duplicative or tangential nature, and the disposition of his motions and cases. Accordingly, the court designates Mr. Raiser a restricted filer in the United States District Court for the District of Utah, with specific restrictions articulated in the Court's Order below.

## **ORDER**

For the foregoing reasons, the court orders as follows:

1. Aaron Raiser's "Motion to Investigate Judge Dee Benson's conduct in 'losing,' 'finding,' then 'losing' copies of the original Response to OSC; Motion to allow Discovery on the matter" (Docket # 40) is DENIED.

2. Aaron Raiser's "Motion to allow Aaron Raiser the Opportunity [to] utilize Fed. R. Civ. Proce. [sic] 11; Motion to Vacate the OSC in this Case on Due Process of Law Grounds until BYU and LDS church can withdraw and/or correct their motion to hold Aaron Raiser vexatious and to allow him to respond to it so that both sides of the issue can be heard prior to a judgment being passed" (Docket # 42) is DENIED.

3. Aaron Raiser's "Motion to Disclose Louise York's Role in the OSC and this

Matter" (Docket # 45) is DENIED.

4.	Aaron Raiser's "Motion for Disclosure of communications concerning Aaron Raiser" (Docket # 47) is DENIED.

5.	Aaron Raiser's "Motion for Jury Trial" (Docket # 49) is DENIED.

6.	Aaron Raiser's "Motion for Disclosure of Evidence, Due Process of Law, Extension of Time" (Docket # 51) is DENIED.

7.	Aaron Raiser's "Motion to Declare Unconstitutional the Court's allowing only Attorney's [sic] to file/receive electronic filings/notices; Motion to Vacate the OSC" (Docket # 54) is DENIED.

8.	Aaron Raiser's "Motion to Supplement Response to OSC; In the alternative, to Allow for an Amended OSC; In the second alternative, to take judicial notice of FRCP 83" (Docket # 57) is GRANTED.

9.	Aaron Raiser's "Motion for Recusal; Motion for Recusal on Alternative Grounds; Motion to Tran[s]fer Case" (Docket # 59) is DENIED.

10.	Aaron Raiser is hereby designated a restricted filer in the United States District Court for the District of Utah. Under that designation, Mr. Raiser, if proceeding *pro se* (that is, without representation of a licensed attorney), is restricted as follows:

> (1) any new civil complaint he sends to this court for filing will be collected by the Clerk of Court and sent to a Magistrate Judge for review; (2) the Magistrate Judge will review the complaint to determine whether it is meritorious, duplicative or frivolous; (3) if the Magistrate Judge determines that the complaint is without merit, duplicative or frivolous, the Magistrate Judge will forward the complaint to the Chief Judge for further review; and (4) only with the consent of the Chief Judge will the complaint be filed.  Further, all of Mr. Raiser's *pro se* pleadings must be certified as provided by Federal Rule of Civil Procedure 11.

The above restrictions do not apply in criminal or habeas corpus proceedings.

SO ORDERED this 15th day of January, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge